IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RASHID EL-ABDU'LLAH,

    Petitioner,

v.                                                                        Civil Action No. **3:07CV494**

DIRECTOR, VIRGINIA DEPT. OF CORR.,

    Respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in the Circuit Court of the County of Dinwiddie ("Circuit Court") for identity fraud. Respondent has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On July 6, 2001, Petitioner pled guilty and was convicted of one count of identity fraud. On April 24, 2002, the Circuit Court sentenced Petitioner to two years of imprisonment to run consecutively with his convictions in other jurisdictions. *Commonwealth v. El-Abdulah*, F01-93, Order (Va. Cir. Apr. 24, 2002).[1] Petitioner did not appeal. On December 5, 2005 and July 17, 2006, however, Petitioner filed motions to vacate a void judgment, which the Circuit Court denied on jurisdictional grounds by order entered on July 26, 2006. On October 26, 2006,

---

[1] A corrected sentencing order was entered on February 15, 2006 to substitute the April 24, 2002 sentencing order, but it did not affect Petitioner's original conviction and sentence and merely corrected three clerical errors. *See Commonwealth v. El-Abdu'llah*, F01-93, Corrected Order (Va. Cir. Feb. 15, 2006).

Petitioner filed a motion to correct clerical error, which the Circuit Court denied on jurisdictional grounds on November 21, 2006. Thereafter, the Supreme Court of Virginia denied his petition for appeal of that order. *See El-Abdu'llah v. Commonwealth*, Record No. 070199, Order (Va. June 20, 2007).

On April 17, 2007, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In this petition, Petitioner claimed that, upon learning that Virginia's identity theft law was not enacted until after he committed the conduct constituting the offense of identity fraud,[2] he requested counsel to appeal his conviction and that counsel was ineffective for failing to do so. On June 8, 2007, the Supreme Court of Virginia denied the petition *sua sponte* on statute of limitations grounds. *El-Abdu'llah v. Director of Dep't of Corr.*, Record No. 070755, Order (Va. June 8, 2007). Thereafter, Petitioner filed his present § 2254 petition alleging that counsel was ineffective for failing to file an appeal as requested.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Respondent contends that Petitioner's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.

---

[2] Virginia's identity theft law, Va. Code Ann. § 18.2-186.3 (2007), was enacted by the General Assembly of Virginia in March of 2000 and became effective on July 1, 2000. The Grand Jury's Indictment charged Petitioner with violating this law on or about October 28, 2000. On July 6, 2001, Petitioner pled guilty. However, the Circuit Court's original sentencing order, entered on April 24, 2002, erroneously indicated that Petitioner committed the offense of identity fraud on January 28, 2000. The Circuit Court's corrected sentencing order, entered on February 15, 2006, *inter alia*, corrected this clerical mistake to reflect that the offense of identity fraud occurred on October 28, 2000.

Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. TIMELINESS OF PETITIONER'S PETITION

Under § 2244(d)(1), the one-year limitation period runs from "the latest of" the four dates defined by subsections (A) through (D). Here, the Circuit Court's sentencing order was entered on April 24, 2002 and Petitioner did not file a notice of appeal within the thirty-day time limit provided in Rule 5A:6 of the Rules of the Virginia Supreme Court.[3] Thus, it appears that

---

[3] Because the February 15, 2006 corrected sentencing order merely corrected three clerical errors, leaving Petitioner's original conviction and sentence intact, the original state court judgment entered in April of 2002 is still considered the final judgment for purposes of calculating the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). *See Coville v.*

Petitioner's conviction became "final," as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on May 24, 2002, the last date Petitioner could have filed a notice of appeal. *See United States v. Clay*, 537 U.S. 522, 527 (2003) (noting that a conviction becomes "final" once the availability of appeal is exhausted). Petitioner's statutory limitations period for filing his federal habeas petition, therefore, expired on May 24, 2003. Petitioner did not file any petition for a writ of habeas corpus, state or federal, by that date.[4] Hence, Petitioner's present federal petition for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A), unless he demonstrates that one of the later commencement dates for the limitation period applies. *See* 28 U.S.C. § 2244(d)(1)(B-D).

    A.    28 U.S.C. § 2244(d)(1)(D)

Petitioner suggests that he is entitled to a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(D) because he allegedly did not find out that his attorney had not appealed his 2002 conviction until February of 2007. Specifically, Petitioner claims that he wrote counsel three letters from September 2001 to December 2001 expressing his desire to appeal. (Fed. Hab. Pet. Exhs. 1-4, 1-4A & 1-5.) In his last letter to counsel, which was

---

*McKenna*, 192 F. App'x 641, 642 (9th Cir. July 24, 2006) (No. 05-35224) *available at* 2006 WL 2076519, at *1. Furthermore, even if the limitations period were calculated from the actual date on which the state court entered the corrected sentencing order, February 15, 2006, the instant habeas petition would still be untimely.

[4] The one-year federal period of limitations had already run by the time Petitioner filed his state habeas petition; therefore, the state habeas petition could not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000) (stating that the period that passed between the time the petitioner's conviction became final for purposes of direct review and the time that his state petition for habeas relief was filed does not toll the one-year federal limitation period). Nor did Petitioner's other motions, which were also filed after the one-year period had expired, toll the limitations period. *See Walkowiak v. Hanes*, 272 F.3d 234, 236-39 (4th Cir. 2001).

4

purportedly written on December 28, 2001, Petitioner confirms that his appeal was denied by the Court of Appeals of Virginia and that counsel indicated his intention to appeal that denial to the Supreme Court of Virginia.[5] (Fed. Hab. Pet., Exhs. 1-5.) Petitioner does not indicate that he ever contacted counsel after that date to determine the status of the appeal.

Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2000). Thus, this Court must determine when, acting with reasonable diligence, Petitioner could have discovered that his direct appeal had not been filed. *See Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). In this regard, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (quoting *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004)), *cert. denied*, 544 U.S. 1037 (2005). For example, due diligence does not require the petitioner to scrutinize the appellate docket on the last date for filing an appeal to ensure that counsel kept his word. *Wims*, 225 F.3d at 190 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Nevertheless, when counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information. *Shelton v. Ray*, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005); *see also Gonzalez-Ramos v. United States*, Nos. 05 Civ. 3974 & 99 Cr. 1112 (LAP), 2007 WL 1288634,

---

[5] Although Petitioner's actual sentencing hearing was held before these letters were allegedly written, the Circuit Court did not enter its sentencing order until April 24, 2002, several months *after* these letters to counsel were written. Thus, at the time Petitioner allegedly wrote counsel and confirmed that his appeal had been denied, there would have been no order from which to take an appeal.

5

at *8 (S.D.N.Y. May 2, 2007) (stating that "'a duly diligent person' does not require 'three and a half years . . . to discover that counsel had not filed a notice of appeal . . . .'" (quoting *Zapata v. United States*, Nos. 90 Cr. 943, 99 Civ. 00085, 2000 WL 1610801, at *3 (S.D.N.Y. Oct. 27, 2000))).

Petitioner's limited effort to determine the status of his appeal in January of 2007, after over five years had elapsed, was not reasonably diligent. *See, e.g., Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (finding petitioner failed to demonstrate "due diligence" where there was a six-year delay in discovering counsel did not file appeal); *Gonzalez v. United States*, 02 Civ. 2733(SAS), 2002 WL 31512728, at *4 (S.D.N.Y. Nov. 8, 2002) (stating "a 46-month delay" does not comport with a "reasonable concept of due diligence" even accounting for "a petitioner's pro se status and the realities of prison life."); *Tineo v. United States*, Nos. 01 CIV 4511 (HB) & 97 CR 313 (HB), 2002 WL 1997901, at *2 (S.D.N.Y. Aug. 29, 2002) ("A duly diligent person in Tineo's shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."). The status of Petitioner's appeal was a matter of public record. *See Montenegro v. United States*, 248 F.3d 585, 593 (7th Cir. 2001), *partially overruled on other grounds, Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001); *see also Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (commencing the limitation period under § 2244(d)(1)(D) when petitioner could have discovered the factual predicate for his claim by reviewing public records). Due diligence therefore required Petitioner to contact the Supreme Court of Virginia to ascertain the status of his direct appeal. Such an inquiry would have revealed that no petition had been filed. *See Owens*, 235 F.3d at 359; *see also Gonzalez-Ramos*, 2007 WL 1288634, at *10 ("A diligent

person in Petitioner's circumstances would not have required [four] years in addition to the one year provided under the statute of limitations to execute the simple task of obtaining and checking a docket sheet." (*citing Montenegro*, 248 F.3d at 593)).

Petitioner has failed to demonstrate that he could not have discovered counsel's failure to file a notice of appeal more than one year prior to the date on which he filed his state habeas petition, through the exercise of due diligence. *Gonzalez-Ramos*, 2007 WL 1288634, at *10 & n.5. "Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only 'if vital facts could not have been known.'" *Schlueter v. Varner*, 384 F.3d at 74 (*quoting Owens*, 235 F.3d at 359). Had Petitioner exercised due diligence, he could have discovered that counsel had not filed an appeal long before February of 2007. Indeed, Petitioner's state habeas petition was not filed until April 17, 2007. Therefore, the application of 28 U.S.C. § 2244(d)(1)(D) does not render the petition timely.[6]

---

[6] In this action, the Court need not determine the authenticity of Petitioner's letters to counsel because the Court finds that Petitioner did not exercise due diligence in discovering that an appeal had not been filed. *See Montenegro*, 248 F.3d at 590-93; *Chen v. United States*, Nos. 05 Civ. 5952 (SAS) & 02 Cr. 1039 (SAS), 2008 WL 563442, at *3 & nn.30-32 (S.D.N.Y. Feb. 20, 2008). The authenticity of these letters, however, is highly questionable. For instance, the letters were all allegedly written *before* the Circuit Court entered its April 24, 2002 Sentencing Order. Thus, it would have been impossible for counsel to have appealed an order that had not yet issued. In addition, Respondent has submitted an affidavit from Alicia Loving, the mail clerk at the Riverside Regional Jail, in which Ms. Loving swears that no legal correspondence was logged for Petitioner between the months of September 2001 through December 2001, the time period when these letters were purportedly written to counsel. Respondent also presented an affidavit from counsel in which he swears that he never received the letters, never told Petitioner that he would appeal his conviction, and never lied to Petitioner by telling him that the Court of Appeals of Virginia had denied his appeal.

### B. Equitable Tolling

Petitioner also suggests his petition is timely in light of the doctrine of equitable tolling. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). A petitioner seeking equitable tolling bears the additional burden of establishing that he has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

As previously discussed, Petitioner presents no explanation why he waited over five years to ascertain the status of an appeal he allegedly believed was filed in December of 2001. *See Irwin*, 498 U.S. at 96 (principles of equitable tolling do not extend to garden variety claims of excusable neglect); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999) (denying equitable tolling of § 2244(d)(1) because petitioner's 17-month delay in checking on status of state appeal proved lack of diligence). Petitioner's lack of diligence in ascertaining the status of his appeal precludes equity's operation. *See Pace*, 544 U.S. at 418-19. Thus, equitable tolling is not warranted and Petitioner's federal habeas petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 15) will be GRANTED. The petition will be DENIED and the action will be DISMISSED.

8

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-3-08
Richmond, Virginia